# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICKI MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 2:20-cv-02159-GMN-DJA<br><br>**ORDER** |

This matter is before the Court on Defendant's Motion for Protective Order (ECF No. 14), filed on March 19, 2021. Plaintiff filed a Response (ECF No. 15) on April 2, 2021 and Defendant filed a Reply (ECF No. 16) on April 9, 2021. The Court finds this matter properly resolved without a hearing. LR 78-1.

**I.  BACKGROUND**

This action concerns a slip and fall incident in one of Defendant's stores on September 19, 2018. The parties have exchanged written discovery with Plaintiff serving interrogatories and requests for production on January 29, 2021 and Defendant serving answers on March 1, 2021. The requests sought Defendant's handbooks, policies, and procedures regarding inspections, cleaning and maintenance of the subject area, along with records related to the security/camera system. Defense counsel met and conferred with Plaintiff's counsel regarding agreeing to a protective order to govern the exchange of this material as Defendant contends it is confidential and proprietary information. Further, Defendant submitted a proposed protective order (Exhibit B) for Plaintiff's approval.

The parties were able to agree that a protective order could be signed to cover the policies and procedures along with documents related to the camera system. They were also able to reach an agreement to appropriately protect the video footage produced by Defendant. Defendant revised the proposed protective order (Exhibit H) to cover its employment manuals, policies and

procedures, and prior incident reports, but Plaintiff refused to stipulate due to the provisions related to use of the protected documents at video depositions. Accordingly, Defendant seeks a protective order that covers the exchange of documents related to its handbooks, manuals, policies, and procedures as they contain proprietary, confidential, commercial and/or trade secret information. Further, Defendant seeks an order to protect disclosure of documents related to its security camera system because it is irrelevant, not proportional to the needs of this case, and raises privacy concerns that would jeopardize Defendant's security. Defendant also seeks its fees and costs for having to bring the instant motion because it claims that it met and conferred in good faith, but Plaintiff's counsel refused to do the same. (ECF No. 14).

Plaintiff responds that she met and conferred in good faith, but could not agree to the proposed protective order because it was overly broad. (ECF No. 15). Plaintiff indicates that she has no opposition to entering into a tailored protective order to govern the exchange of security documents for Target Store No. 2404, along with the employment handbook, policies, and procedures. She concedes that those documents are confidential as they deal with the safety and security of the Target store. Plaintiff contests the proposed restrictions on Plaintiff, her counsel, and her experts to view, use, and discuss the information as Plaintiff does not view it needing national security level protection.

Defendant replies that it has good cause to seek a protective order related to its security camera system as it is not relevant or proportional to the needs of this case. (ECF No. 16). It also contends that the proposed protective order is needed to protect its trade secret and confidential information contained in its handbook, manuals, policies, and procedures. Moreover, Defendant highlights that it already responded that there is no video of the subject incident because the greeting card aisle is not a high theft area, there are no diagrams or plans of the security cameras locations, and it could not produce documents that do not exist.

## II.     DISCUSSION

Fed.R.Civ.P. 26(b)(1) provides for broad and liberal discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id.* However, a court may limit discovery via Rule 26(c), which permits the court to issue a

protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense when the party establishes good cause. For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; *see also Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (*citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)). The Supreme Court has interpreted the language of Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Additionally, the Supreme Court has acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*

There are two issues for Court intervention. First, the Court will grant Defendant's request to enter a protective order governing the exchange of discovery documents like Defendant's handbooks, manuals, policies, and procedures. As Defendant highlights, this matter was recently addressed by Judge Youchah in *Spearman v. Target Corp.*, Case no. 2:20-cv-01789-APG-EJY. Judge Youchah granted a protective order to govern the exchange of Defendant's handbook and policies and procedures. (ECF No. 24). The Court similarly finds good cause to preserve the proprietary and confidential nature of these documents. It finds no prejudice to Plaintiff and minimal burden in simply observing the confidential designation when using the documents in court filings – via the sealing procedure – and in depositions. Although Plaintiff likens Defendant's proposed protective order to that protecting national security information, such an analogy is disingenuous. Simply filling out an affidavit that you will not disclose confidential information is not unnecessarily burdensome. As such, the Court will approve Defendant's revised protective order in Exhibit H.

As for Defendant's request for a protective order regarding disclosure of security camera diagrams, locations, video surveillance plan, camera service proposals/contracts, installation and maintenance documents, the Court will likewise grant this request. It finds that this information is neither relevant nor proportional to the needs of this case. Defendant has already disclosed the only video footage it claims exists – that of Plaintiff leaving the store after the incident. Plaintiff has not provided sufficient basis to establish the relevance or proportionality of the requests for security system information. Rather, Plaintiff merely speculates that Defendant is not being truthful when it claims no camera was aimed at the greeting store aisle. She contends that the store's video camera diagram would conclusively show if any camera was aimed at that specific location in the store. However, speculation that Defendant may be untruthful alone is not enough. Plaintiff may ask deposition questions or utilize other forms of discovery to verify that no video footage of the subject incident exists. Defendant cannot be ordered to produce camera diagrams that do not exist. At this point, the Court cannot find sufficient relevance and proportionality to justify ordering Defendant to produce all of its security system documents and information.

Finally, as to Defendant's request for fees and costs, the Court finds that it is not appropriate to grant that request. Plaintiff's position was substantially justified given that counsel attempted to narrow the terms of the protective order, but overall it is not convincing enough to outweigh protecting the confidential information in Defendant's policies and procedures or meet the relevance and proportionality test for the security system information. Therefore, the Court will deny Defendant's request for fees and costs.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (ECF No. 14) is **granted in part and denied in part as outlined above**.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Defendant shall file its proposed protective order (Exhibit H) for the Court's approval within seven days.

DATED: April 26, 2021.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE